UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GORDON GAMBLE | CIVIL ACTION |
| VERSUS | NO. 18-10102 |
| CHEVRON ORONITE COMPANY, LLC AND GARY THOMAS | SECTION M (5) |

## **ORDER & REASONS**

Before the Court is a motion to dismiss for failure to state a claim filed by defendant Gary Thomas ("Thomas"),[1] to which plaintiff Gordon Gamble ("Gamble") responds in opposition,[2] and in further support of which Thomas replies.[3] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

**I.    BACKGROUND**

This matter concerns a work-related injury. Gamble filed this action against Thomas and Chevron Oronite Company, LLC ("Chevron") in the 25th Judicial District Court, Parish of Plaquemine, State of Louisiana, alleging that he was injured while working at Chevron's plant in Belle Chasse, Louisiana, as a pipefitter employed by Zachary Holdings, Inc. ("Zachary").[4] Gamble alleges that on June 26, 2018, he was asked to change a busted gasket on a two-inch condensate line.[5] Before starting the work, Gamble and Calvin Parker ("Parker"), his foreman, requested that Thomas isolate the valve and bleed the pipes.[6] Thomas complied with the request and informed Gamble that it was safe to proceed.[7] Gamble alleges that, when he cut the bolts, chemicals, hot water, and steam blew out of the pipe causing him to sustain serious bodily injury,

---
[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 21.
[4] R. Doc. 1-1 at 1.
[5] *Id.*
[6] *Id.* at 2.
[7] *Id.*

including severe burns.[8] Gamble alleges that Chevron and Thomas are liable for his injuries due to the unreasonably dangerous condition of the plant and their negligence.[9]

Chevron removed the action to this Court on the basis of diversity subject-matter jurisdiction under 28 U.S.C. § 1332,[10] contending that Thomas was improperly joined because Gamble cannot recover from him.[11] Chevron argued that pursuant to a November 1, 2015 Master Products and Service Agreement ("MPSA") between itself and Zachary, Chevron was Gamble's statutory employer.[12] Thus, Gamble and Thomas were co-employees and Thomas is immune from liability.[13] Gamble did not oppose the removal.

## II. PENDING MOTION

Thomas now files the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Gamble cannot state a valid claim against him.[14] Thomas, relying on the MPSA which he does not attach to his motion, argues that he is immune from liability for Gamble's alleged injuries because he and Gamble were co-employees due to Chevron's status as Gamble's statutory employer.[15] Thus, Thomas argues that "the Court does not have jurisdiction over" him.[16]

Gamble opposes Thomas' motion arguing that the MPSA provision upon which Thomas relies is invalid pursuant to *Prejean v. Maintenance Enters., Inc.*, 8 So. 3d 766 (La. App. 2009).[17]

---

[8] *Id.*
[9] *Id.* at 2-3.
[10] R. Doc. 1 at 3. Gamble is a Louisiana citizen. R. Doc. 1-2 at 3. Chevron is a citizen of California and Pennsylvania. R. Doc. 1 at 3. Chevron avers that there is more than $75,000 in controversy based on the nature of Gamble's alleged injuries and the damages sought. *Id.* at 6. Gamble has not filed a motion to remand contesting Chevron's assertion that the amount in controversy is satisfied.
[11] R. Doc. 1 at 4.
[12] *Id.* at 5.
[13] *Id.*
[14] R. Doc. 12.
[15] R. Doc. 12-1 at 2-3.
[16] *Id.* at 3.
[17] R. Doc. 13 at 3-7.

Gamble argues that, as a result, Chevron is not his statutory employer, and Thomas is not his co-employee.[18]

## III.   LAW & ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean*

---
[18] *Id.*

3

*Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2007); *see also Kitty Hawk Aircargo, Inc. v. Chao.*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

On a Rule 12(b)(6) motion, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In that event "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Here, Thomas refers to the MPSA in his motion to dismiss,[19] and Gamble attaches it to his opposition.[20] Although the MPSA is central to the viability of Gamble's claims, it is neither referred to in the complaint nor attached to it.[21] The Court cannot rule upon Thomas' motion to dismiss without relying upon the MPSA, which is outside of the pleadings. Thus, the motion must be treated as one for summary judgment. Rule 12(d) dictates that in this situation all parties must have an opportunity to present all material pertinent to the motion. Therefore, the Court will deny Thomas' motion to dismiss without prejudice to his refiling it as a motion for summary judgment addressing all aspects of the application of the statutory employer and co-employee doctrines. *See, e.g., Guillory v. Newpark Envtl. Servs, L.L.C.*, 2013 WL 5757593 (E.D. La. Oct. 23, 2013).

---

[19] R. Doc. 12-1 at 2.
[20] R. Doc. 13-1.
[21] R. Doc. 1-2.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Thomas' motion to dismiss (R. Doc. 12) is DENIED without prejudice to his refiling the motion as one for summary judgment in which all issues related to the application of the statutory employer and co-employee doctrines are addressed.

New Orleans, Louisiana, this 1st day of April, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE