UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GORDON GAMBLE | CIVIL ACTION |
| VERSUS | NO. 18-10102 |
| CHEVRON ORONITE COMPANY, LLC AND GARY THOMAS | SECTION M (5) |

## **ORDER & REASONS**

Before the Court is a motion for summary judgment filed by defendants Chevron Oronite Company, LLC ("Chevron") and Gary Thomas (collectively, "Defendants"),[1] in which they argue that Chevron qualifies as plaintiff Gordon Gamble's statutory employer under the Louisiana Workers' Compensation Law, La. R.S. 23:1061, and thus Defendants are immune from tort liability for Gamble's alleged injury. Having considered the parties' memoranda and the applicable law, the Court grants the motion finding that Chevron is Gamble's statutory employer under the statute.

## I. BACKGROUND

This matter concerns a work-related injury. Gamble filed this action against Chevron and Thomas in the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, alleging that he was injured while working at Chevron's plant in Belle Chasse, Louisiana, as a pipefitter employed by Zachry Holding, Inc. ("Zachry").[2] Gamble alleges that on June 26, 2018, he was asked to change a busted gasket on a two-inch condensate line.[3] Before starting the work, Gamble and Calvin Parker, his foreman, requested that Thomas isolate the valve and bleed the

---

[1] R. Doc. 32. Gamble opposed the motion (R. Doc. 35), and Defendants filed a reply memorandum in further support of the motion (R. Doc. 38).
[2] R. Doc. 1-1 at 1.
[3] *Id.*

pipes.⁴ Thomas did so and informed Gamble that it was safe to proceed.⁵ Gamble alleges that, when he cut the bolts, chemicals, hot water, and steam blew out of the pipe causing him to sustain serious bodily injury, including severe burns.⁶ Gamble alleges that Chevron and Thomas are liable for his injuries due to the unreasonably dangerous condition of the plant and their negligence.⁷

Chevron removed the action to this Court on the basis of diversity subject-matter jurisdiction under 28 U.S.C. § 1332,⁸ contending that Thomas was improperly joined because Gamble cannot recover from him.⁹ Chevron argued that pursuant to a November 1, 2015 Master Products and Services Agreement ("MPSA") between itself and Zachry, Chevron was Gamble's statutory employer.¹⁰ Thus, Gamble and Thomas were co-employees and Thomas is immune from liability.¹¹ Gamble did not oppose the removal.

Thomas filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Gamble cannot state a valid claim against him.¹² Thomas, relying on the MPSA, which he did not attach to his motion, argued that the Court did not have jurisdiction over Gamble's claims against him because he is immune from liability for Gamble's alleged injuries as Gamble's co-employee due to Chevron's status as Gamble's statutory employer.¹³

---

⁴ *Id.* at 2.
⁵ *Id.*
⁶ *Id.*
⁷ *Id.* at 2-3.
⁸ R. Doc. 1 at 3. Gamble is a Louisiana citizen. R. Doc. 1-2 at 3. Chevron is a citizen of California and Pennsylvania. R. Doc. 1 at 3. Chevron avers that there is more than $75,000 in controversy based on the nature of Gamble's alleged injuries and the damages sought. *Id.* at 6. Gamble has not filed a motion to remand contesting Chevron's assertion that the amount in controversy is satisfied or that Thomas was fraudulently joined.
⁹ R. Doc. 1 at 4. Thomas is alleged to be a Louisiana citizen. Because the Court concludes that Gamble has no claim against Thomas, Thomas' citizenship should be disregarded for purposes of the jurisdictional analysis and diversity is therefore complete.
¹⁰ *Id.* at 5.
¹¹ *Id.*
¹² R. Doc. 12.
¹³ R. Doc. 12-1 at 2-3.

Gamble opposed Thomas' motion arguing that the MPSA provision upon which Thomas relied is invalid pursuant to *Prejean v. Maintenance Enterprises, Inc.*, 8 So. 3d 766 (La. App. 2009), which invalidated a statutory employer clause because it impermissibly sought to relieve the purported statutory employer from liability to pay workers' compensation benefits to the injured statutory employee.[14] Gamble argued that, as a result, Chevron is not his statutory employer, Thomas is not his co-employee, and they are not immune from tort liability.[15]

This Court denied Thomas' motion to dismiss finding that the motion had to be treated as a motion for summary judgment because Thomas relied upon the MPSA which was neither referenced in, nor attached to, the pleadings.[16] Rule 12(d) dictates that in this situation all parties must have an opportunity to present all material pertinent to the motion. Therefore, the Court denied Thomas' motion to dismiss without prejudice to his refiling it as a motion for summary judgment addressing all aspects of the application of the statutory employer and co-employee doctrines.[17] The instant motion is the anticipated motion for summary judgment.

## II.  LAW & ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

---

[14] R. Doc. 13 at 3-7.
[15] *Id.*
[16] R. Doc. 22.
[17] *Id.*

essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. The Statutory Employer Doctrine

The Louisiana Workers' Compensation Law provides that workers' compensation is an employee's exclusive remedy for an injury he or she sustains in the course and scope of his or her employment, except for injuries resulting from intentional acts. La. R.S. 23:1021, *et seq.*; *Moreno v. Entergy Corp.*, 105 So. 3d 40, 49 (La. 2012). Thus, employers are immune from suits brought by employees seeking recovery for non-intentional torts. *See* La. R.S. 23:1032(A).

The immunity is afforded to direct employers, as well as to "any principal." *Id.* 23:1032(A)(1)(a). A "principal" is "any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." *Id.* 23:1032(A)(2). "Thus, Louisiana's workers' compensation scheme employs the concept of a

5

'statutory employer' to confer immunity and impose the corresponding obligations on companies that procure labor through third party contractors." *Guillory v. Newpark Envtl. Servs., L.L.C.*, 2013 WL 5757593, at *2 (E.D. La. Oct. 23, 2013) (citing 14 H. ALSTON JOHNSON, LA. CIV. LAW TREATIES, WORKERS' COMPENSATION LAW AND PRACTICE § 364 (5th ed. 2003)).

A statutory employer-employee relationship may exist when "there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer." La. R.S. 23:1061(A)(3). When such a contract exists, "there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees." *Id.* "This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." *Id.*

Chevron contends that it is Gambel's statutory employer under the terms of the MPSA, which states, in pertinent part:

> 13.3 **Louisiana Statutory Employer**. In all cases where Supplier's [Zachry's] employees (defined to include Supplier's direct, borrowed, special or statutory employees) are covered by the Louisiana Worker's Compensation Act, La. R.S. 23:1021 *et seq.*, Chevron and Supplier agree that pursuant to La. R.S. 23:1061(A)(1) all Services performed by Supplier and its employees under the terms and conditions of this Contract is an integral part of Company's operations and is essential to Chevron's ability to generate its goods, products, and services. Additionally, Chevron and Supplier agree that for purposes of La. R.S. 23:1061(A)(3) Chevron is the principal (as defined in La. R.S. 23:1032(A)(2)) or statutory employer or special employer of Supplier's employees; however, in addition to Chevron's rights under La. R.S. 23:1061(B), Supplier shall remain primarily responsible for the payment of Louisiana Worker's Compensation benefits to its employees, and shall not be entitled to seek contribution for any such payments from Chevron.

The MPSA meets the requirements of La. R.S. 23:1061(A)(3). It is a written contract between the principal, Chevron, and Zachry, Gamble's direct employer, and expressly

recognizes Chevron as the statutory employer of Zachry's employees who are performing functions that are integral and essential to Chevron's ability to generate its goods, products, and services. Indeed, Gamble's work as a pipefitter was essential to Chevron's ability to operate a chemical plant.

Gamble, relying on *Prejean v. Maintenance Enterprises, Inc.*, argues that the above-quoted statutory employer clause is invalid because it impermissibly attempts to relieve Chevron from liability to pay workers' compensation benefits to injured statutory employees. In *Prejean* the relevant clause of the contract at issue stated that the injured statutory employee could not pursue workers' compensation benefits against the statutory employer unless "the immediate employer, Contractor or its subcontractor … is unable to meet their financial obligation under the Louisiana Compensation Statute for work or service that is performed under this Agreement." 8 So. 3d at 774. The court found that this clause placed an impermissible "onerous burden on an injured worker to discover and prove the financial or other reasons the direct employer ascribes to being 'unable to pay' him compensation benefits, possibly involving lengthy litigation and very likely depriving that worker of medical care and weekly benefits under the workers' compensation statutory scheme." *Id.* at 775.

The statutory employer clause in the MPSA between Chevron and Zachry does not place such a burden on the injured worker. Afterall, the clause makes Chevron the statutory employer of Zachry's employees engaged in the execution of Chevron's work and thereby makes Chevron liable to pay any of its injured statutory employees workers' compensation benefits. But the statutory employer clause in the MPSA also delegates duties as between the direct and statutory employers, which is permissible. Several courts have found language identical, or nearly identical, to that of the MPSA to be a permissible regulation of the responsibilities (including

7

rights of indemnity and contribution) of the direct and statutory employers as between themselves, and in so doing held that *Prejean* was distinguishable and inapplicable. *Rodney v. Williams Olefins, L.L.C.*, 2015 WL 5304110, at *3-4 (M.D. La. Sept. 8, 2015) (finding *Prejean* inapplicable to statutory employer clause containing same language as clause in MPSA); *Guillory*, 2013 WL 5757593, at *4 (same); *Conner v. Kraemer-Shows Oilfield Servs., LLC*, 2013 WL 2644522, at *4-5 (W.D. La. June 11, 2013) (same); *Taylor v. CITGO Petroleum Corp.*, 2012 WL 3707480, at *3 (W.D. La. Aug. 24, 2012) (same); *Cantu v. Shaw Grp., Inc.*, 2010 WL 1752511, at *2 (La. App. 2010) (same). As explained in *Conner*, for example, "[t]his provision of the [master agreement] cannot be against public policy because the same result is reached by operation of law." 2013 WL 2644522, at *5.

Moreover, the court in *Prejean* implicitly upheld the contractual provision in dispute in this case by citing with approval *Smith v. Marathon Ashland Petroleum LLC*, 887 So. 2d 613 (La. App. 2004), in which the court upheld a contractual statutory employer provision with language virtually identical to that of the MPSA. As the *Prejean* court observed, "[t]he contractual language [at issue in *Smith*] is clearly and unambiguously regulating the rights and responsibilities of the statutory and direct employers *as between themselves*, which is permissible." *Prejean*, 8 So. 3d at 775 (emphasis in original).

In sum, the statutory employer clause at issue here requires Chevron to pay workers' compensation benefits to an injured worker while also unambiguously regulating responsibility as between the employers. It does not establish immunity in favor of Chevron from claims for workers' compensation benefits asserted by injured workers. Instead, it permits Chevron to seek reimbursement from Zachry if an injured worker obtains workers' compensation benefits from Chevron. Gamble brought a tort action against Chevron from which Chevron and, by extension,

8

Thomas are immune by operation of the statutory employer doctrine. *See Serrano v. Otis Elevator Co.*, 2017 WL 479576, at * 6 (E.D. La. Feb. 6, 2017) ("It is well settled that employees of statutory employers are also immune from tort liability as statutory co-employees."). As such, Chevron and Thomas are entitled to summary judgment dismissing Gamble's claims.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' motion for summary judgment (R. Doc. 32) is GRANTED, and Gamble's claims against them are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 3rd day of September, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE